**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) CHAD BRINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** 26-cv-00677-SH |
| | ) | |
| **(2) JOHN DOE 1;** | ) | |
| **(3) JOHN DOE 2; and** | ) | |
| **(4) JOHN DOE 3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Chad Brinson ("Plaintiff"), for his *Complaint* against defendants, John Does 1–3 ("Defendants"), alleges, on knowledge as to his own actions, and otherwise upon information and belief, as follows:

## NATURE OF ACTION

1. This is a civil action arising from the unauthorized intrusion into, and takeover of, Plaintiff's cellular telephone account, mobile device, Apple account, text messages, contacts, and other online accounts through a scheme commonly known as "SIM jacking" or "SIM swapping."

2. SIM jacking is a form of identity theft that targets a victim's telephone number. By fraudulently causing a wireless carrier to transfer, or "port," the victim's telephone number to a device the perpetrator controls, the perpetrator seizes control of the victim's cellular account and gains access to the victim's incoming calls and text messages, including the one-time passcodes and verification messages used to authenticate access to the victim's email, financial, and other online accounts. Through this access, the perpetrator can intercept the victim's communications

and obtain the personal information stored in and accessible through the victim's accounts, including text messages, contacts, and account credentials.

3. On or about September 30, 2026, an unknown actor attempted to gain access to Plaintiff's Apple account from the country of Mauritius.

4. Despite the remedial measures Plaintiff promptly took to secure his accounts, on or about October 8, 2026, Defendants SIM jacked Plaintiff's cellular telephone, took over his telephone number, and thereby had the ability to access and acquire his private electronic communications and personal information.

5. And again, on or about October 12, 2026, after Plaintiff and Plaintiff's carrier placed "SIM Protection" on Plaintiff's phone, the unknown actors again SIM jacked Plaintiff's phone.

6. Plaintiff brings claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the Wiretap Act, 18 U.S.C. §§ 2511 and 2520; the Stored Communications Act, 18 U.S.C. §§ 2701 and 2707; and Oklahoma common law for invasion of privacy. Plaintiff seeks compensatory, statutory, and punitive damages, injunctive and other equitable relief, and his attorneys' fees and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Wiretap Act, 18 U.S.C. §§ 2511 and 2520, and the Stored Communications Act, 18 U.S.C. §§ 2701 and 2707, arise under the laws of the United States.

8. This Court has supplemental jurisdiction over Plaintiff's Oklahoma common-law claim for invasion of privacy pursuant to 28 U.S.C. § 1367(a), because that claim is so related to

the federal claims that it forms part of the same case or controversy and derives from a common nucleus of operative fact.

9. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants purposefully directed their conduct at Plaintiff, a resident of this District, and at property and accounts located in this District, and Plaintiff's claims arise out of that conduct.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, where Plaintiff resides, where his cellular telephone and accounts were located, and where he suffered the resulting harm.

## **PARTIES**

11. Plaintiff is an individual who resides in, and is a citizen of, the State of Oklahoma, within the Northern District of Oklahoma.

12. Defendants John Does 1–3 are individuals whose true names and identities are presently unknown to Plaintiff. Upon information and belief, Defendants are the persons who perpetrated, directed, or participated in the unauthorized access of Plaintiff's cellular telephone account, mobile device, Apple account, and other accounts described in this Complaint. Plaintiff sues these Defendants by fictitious names because he cannot, without further discovery, ascertain their true identities.

13. Plaintiff will use the discovery process, including *subpoenas* to Plaintiff's wireless carrier, Apple, and other third parties, to identify Defendants by their true names, and will promptly seek leave to amend this *Complaint* to substitute Defendants' true names once they are ascertained.

## FACTUAL ALLEGATIONS

14. Plaintiff Chad Brinson owns and uses a cellular telephone and an associated telephone number issued by his wireless carrier. His telephone number is linked to his mobile device, his Apple account, and numerous other online accounts, including accounts that use text messages sent to his telephone number to verify his identity and authorize access.

15. Plaintiff's mobile device and Apple account store and transmit his private electronic communications, including text messages, and his personal information, including his contacts and account credentials. Plaintiff's telephone number and accounts are used in and affect interstate commerce and communication.

16. On or about September 30, 2026, Plaintiff awoke to a notification on his cellular telephone indicating that someone located in the country of Mauritius had attempted to sign in to his Apple account. Plaintiff did not authorize, and had no connection to, any such sign-in attempt.

17. Recognizing that his accounts were being targeted, Plaintiff promptly took steps to protect his accounts, including changing his passwords and updating his account security settings.

18. Notwithstanding those remedial measures, on or about October 8, 2026, and again on or about October 12, 2026, Defendants caused Plaintiff's cellular telephone to be “SIM jacked.” Upon information and belief, Defendants fraudulently caused Plaintiff's wireless carrier to transfer Plaintiff's telephone number to a Subscriber Identity Module (SIM) or device under Defendants' control, without Plaintiff's knowledge or authorization.

19. As a result of the SIM jacking, Defendants took over Plaintiff's cellular telephone account and telephone number and caused Plaintiff to lose service on his own device. Defendants thereby gained the ability to receive the telephone calls and text messages directed to Plaintiff's telephone number.

20. By seizing control of Plaintiff's telephone number, Defendants could intercept incoming text messages and verification codes transmitted to Plaintiff as they were being transmitted, and use them to gain access to Plaintiff's Apple account and other online accounts without authorization.

21. Through this unauthorized access, and upon information and belief, Defendants had access to Plaintiff's private electronic communications and personal information, including his text messages, contacts, and account credentials, that were stored in and accessible through his device and accounts. Indeed, literally terabytes of data have come from Plaintiff’s phone in an inordinate amount of time.

22. Plaintiff did not consent to, authorize, or have any role in Defendants' access to his cellular account, device, Apple account, communications, or other accounts, and Defendants were at no time parties to Plaintiff's communications.

23. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injury, including the loss of use of his cellular telephone and telephone number; the exposure and compromise of his private communications, contacts, and accounts; exposure to identity theft and financial harm; the loss of his privacy; and emotional distress. Plaintiff also incurred costs responding to and investigating the unauthorized access, assessing the resulting damage, and restoring the security and integrity of his device, accounts, and data, which costs exceed $5,000 in value within a one-year period.

## COUNT ONE

Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030

(Against All Defendants)

24. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

25. Plaintiff's mobile device, Apple account, and the other accounts and systems Defendants accessed are “protected computers” within the meaning of 18 U.S.C. § 1030(e)(2)(B), because they are used in and affect interstate and foreign commerce and communication.

26. Defendants intentionally accessed Plaintiff's protected computers without authorization, and thereby obtained information from those protected computers, in violation of 18 U.S.C. § 1030(a)(2)(C).

27. Defendants knowingly and with intent to defraud accessed Plaintiff's protected computers without authorization, and by means of such conduct furthered the intended fraud and obtained one or more things of value, in violation of 18 U.S.C. § 1030(a)(4).

28. Defendants intentionally accessed Plaintiff's protected computers without authorization and, as a result of such conduct, caused damage and loss, in violation of 18 U.S.C. § 1030(a)(5)(C), by impairing the integrity and availability of Plaintiff's data, accounts, and systems.

29. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damage and loss as those terms are defined in 18 U.S.C. § 1030(e)(8) and (e)(11), including reasonable costs of responding to the offense, conducting a damage assessment, and restoring his data, accounts, and systems to their prior condition, in an amount aggregating at least $5,000 in value during a one-year period.

30. Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to maintain this civil action and to recover compensatory damages, together with injunctive and other equitable relief.

**COUNT TWO**

Violation of the Wiretap Act, 18 U.S.C. §§ 2511 and 2520

(Against All Defendants)

31. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

32. The text messages and other electronic communications transmitted to Plaintiff's telephone number are "electronic communications" within the meaning of 18 U.S.C. § 2510(12).

33. By seizing control of Plaintiff's telephone number through SIM jacking, Defendants intentionally had the ability to intercept, endeavored to intercept, or procured another person to intercept Plaintiff's electronic communications, likely acquiring the contents of those communications through a device as they were being transmitted to Plaintiff, in violation of 18 U.S.C. § 2511(1).

34. Defendants were not parties to Plaintiff's communications, and no party to those communications consented to Defendants' interception. No statutory exception authorized Defendants' conduct.

35. Pursuant to 18 U.S.C. § 2520, Plaintiff is entitled to recover from Defendants such relief as may be appropriate, including equitable and declaratory relief, actual damages and any profits made by Defendants or statutory damages of the greater of $100 per day of violation or $10,000, punitive damages, and reasonable attorneys' fees and litigation costs.

**COUNT THREE**

Violation of the Stored Communications Act, 18 U.S.C. §§ 2701 and 2707

(Against All Defendants)

36. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

37. Plaintiff's wireless carrier and the providers of his Apple account and other online accounts provide electronic communication services and maintain facilities through which such services are provided, within the meaning of 18 U.S.C. §§ 2701 and 2711.

38. Defendants intentionally accessed those facilities without authorization, or intentionally exceeded any authorization to access those facilities, and prevented authorized access

to Plaintiff's wire and electronic communications while they were in electronic storage, in violation of 18 U.S.C. § 2701(a).

39. Defendants acted with a knowing and intentional state of mind, and no exception under 18 U.S.C. § 2701(c) authorized their conduct.

40. As a direct and proximate result of Defendants' conduct, Plaintiff was aggrieved and suffered actual damages, including the compromise of his private communications and personal information, the loss of use of his accounts, costs incurred in responding to and remediating the unauthorized access, and emotional distress.

41. Pursuant to 18 U.S.C. § 2707, Plaintiff is entitled to recover from Defendants appropriate relief, including equitable and declaratory relief, his actual damages and any profits made by Defendants (but in no event less than the statutory minimum of $1,000), punitive damages for Defendants' willful and intentional violation, and his reasonable attorneys' fees and litigation costs.

**COUNT FOUR**

Invasion of Privacy — Intrusion Upon Seclusion

(Against All Defendants)

42. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

43. Plaintiff had a reasonable expectation of privacy in his cellular telephone, telephone number, mobile device, Apple account, text messages, contacts, and other online accounts, and in the private information stored in and accessible through them.

44. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's seclusion and private affairs and concerns by taking over his cellular account and telephone

number without his consent and accessing account information to which the general public is not entitled.

45. Defendants' intrusion was nonconsensual and would be highly offensive to a reasonable person.

46. As a direct and proximate result of Defendants' intrusion, Plaintiff suffered injury, including loss of privacy, embarrassment, humiliation, mental anguish, and emotional distress. Defendants' conduct was intentional, malicious, and in wanton disregard of Plaintiff's rights, entitling Plaintiff to exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chad Brinson respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

A. On Count One, compensatory damages in an amount to be determined at trial, together with injunctive and other equitable relief, pursuant to 18 U.S.C. § 1030(g);

B. On Count Two, actual damages, statutory damages, and punitive damages, together with equitable and declaratory relief and reasonable attorneys' fees and costs, pursuant to 18 U.S.C. § 2520;

C. On Count Three, actual damages (and in no event less than the $1,000 statutory minimum), punitive damages, and equitable and declaratory relief, together with reasonable attorneys' fees and costs, pursuant to 18 U.S.C. § 2707;

D. On Count Four, compensatory damages in an amount to be determined at trial and punitive or exemplary damages;

E. Pre-judgment and post-judgment interest as permitted by law;

F. Plaintiff's costs of suit and reasonable attorneys' fees as permitted by law; and

G. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_*/s/ Collin R. Walke*______________________
COLLIN R. WALKE, OBA #22328
Bryan R. Lynch, OBA #33559
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
cwalke@hallestill.com
blynch@hallestill.com
**ATTORNEYS FOR PLAINTIFF**